IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00082-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| (1) DONALD EUGENE KING, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 28].

On October 5, 2021, the Defendant was charged in a Bill of Indictment with various drug and firearm offenses in violation of 18 U.S.C. §§ 922(g)(1) and 2; and 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(viii). [Doc. 3]. On October 20, 2021, Defendant's initial appearance was held, at which time the Magistrate Judge appointed counsel. On October 25, 2021, Defendant's arraignment was held, at which time the Magistrate Judge calendared the case to the November 8, 2021 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to its current setting during the January 3,

2022 trial term. On December 20, 2021, the Government filed a plea agreement and a factual basis. [Docs. 26, 27].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 28]. Among other grounds, counsel states that the Defendant suffers from hypertension, depression, and obesity, putting him at greater risk for severe illness from COVID-19. [Id. at 2]. Counsel also states that removing the Defendant for an in-person Rule 11 Hearing would likely require that he quarantine or be placed in solitary confinement upon his return, as well as possibly require his permanent removal from the dorm where he has been safely living. [Id.]. Counsel for the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 3].

In light of the public health considerations caused by the coronavirus pandemic, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR, the Court finds that the Defendant's Rule 11 hearing "cannot be conducted in person without seriously jeopardizing public health and safety." Coronavirus Aid, Relief, and Economic Security Act (CARES Act) Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). The Court further finds, under the unique circumstances of this case, that the Defendant's Rule 11 hearing

"cannot be further delayed without serious harm to the interests of justice." Id. For these reasons, the Court concludes that conducting the Rule 11 hearing in this matter by videoconference is appropriate.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Court therefore concludes that the Defendant's Rule 11 Hearing may take place by way of videoconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 28] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: December 22, 2021

Martin Reidinger
Chief United States District Judge