THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00082-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DONALD EUGENE KING, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 64].

The Defendant Donald Eugene King pled guilty pursuant to a written plea agreement with the Government to one count of possession with intent to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841, and one count of possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Docs. 26, 32]. In advance of sentencing, the Court's probation office prepared a Presentence Report, which calculated a total offense level of 31. [Doc. 49: PSR at ¶ 70]. The probation office assessed the Defendant one criminal history point based on a 2015 state conviction for attempted trafficking of opium or heroin. [Id. at ¶¶ 84-86]. Based on a total offense

level of 31 and a criminal history category of I, the Defendant's advisory guidelines range was 120 to 135 months. [Id. at ¶ 127]. On May 19, 2022, the Court sentenced the Defendant to a total term of 120 months' imprisonment. [Doc. 58 at 2].

The Defendant, proceeding *pro se*, now moves for a reduction of his sentence pursuant to Part B of Amendment 821 to the United States Sentencing Guidelines. [Doc. 64].

Part B of Amendment 821, effective November 1, 2023, amended the offense-level calculation for certain zero-point offenders. As revised, § 4C1.1 provides for "a decrease of two levels . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." U.S.S.C. Supp. to App'x, Am. 821 at 242; U.S.S.G. § 4C1.1 (2023). The Sentencing Commission has made Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d).

The Defendant, however, is not eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assessed one criminal history point. As such, Part B of Amendment 821 affords him no relief. Accordingly, the Defendant's motion is denied.

2

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 64] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge